# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| MICHAEL LAMAR ROLF, SR., | ) |
| **Plaintiff,** | ) |
| v. | ) Case No. 10-0203-CV-W-GAF |
| CONAGRA FOODS (LIBBY'S), | ) |
| **Defendant.** | ) |

## ORDER

Presently before the Court is Defendant ConAgra Foods, Inc.'s ("ConAgra"), incorrectly identified by Plaintiff as ConAgra Foods (Libby's), Motion to Dismiss, or in the alternative, Motion for a More Definite Statement. (Doc. # 8). ConAgra argues *pro se* Plaintiff Michael Lamar Rolf, Sr. ("Plaintiff") has failed to state a claim upon which relief may be granted, or, in the alternative, his Complaint is so vague and ambiguous that ConAgra cannot reasonably frame a responsive pleading. *Id.* Plaintiff opposes. (Doc. # 18). For the following reasons, ConAgra's Motion is **DENIED.**

## DISCUSSION

Pursuant to Rule 12(b)(6), a motion to dismiss may be granted if the complaint fails to state a claim upon which relief may be granted. When considering a motion to dismiss, the Court treats all well-pled facts as true and grants all reasonable inferences therefrom in favor of the non-moving party. *Westcott v. City of Omaha*, 901 F.2d 1486, 1488 (8th Cir. 1990). Generally, *pro se* pleadings are held to a less stringent standard than attorney-drafted pleadings. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). That being said, the Court is not required to accept the pleader's legal conclusions. *Westcott*, 901 F.2d at 1488.

A complaint must state a plausible claim for relief and need not contain detailed factual allegations. *Ashcroft v. Iqbal*, – U.S. –, 129 S. Ct. 1937, 1949 (U.S. 2009). Nonetheless, a plaintiff must provide more than "labels and conclusions" or a "formulaic recitation" of the elements of the cause of action. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (retiring the "no set of facts" language from *Conley v. Gibson*, 355 U.S. 41 (1967)). "A complaint states a plausible claim for relief if its 'factual content ... allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009) (citing *Iqbal*, 129 S.Ct. at 1949).

Given the *pro se* nature of the Complaint, Plaintiff has stated a plausible claim for relief under a products liability theory. Plaintiff alleges he purchased four unopened cans of Libby's Vienna Sausages manufactured by ConAgra, consumed the contents of one can, and became extremely high. For these reasons, Plaintiff asserts this product contained illicit drugs. While the Court has grave concerns about the merits of this case, taking these facts as true, Plaintiff has nudged his claim across the line from conceivable to plausible. *Bell Atl.*, 550 U.S. at 570.

Fed. R. Civ. P. 12(e) provides that a party may move for a more definite statement if a pleading "is so vague or ambiguous that the party cannot reasonably prepare a response." Motions for a more definite statement "are not designed to remedy an alleged lack of detail, but to serve as a means to remedy unintelligible pleadings," *Young v. Warren-Jenkinson Co.*, 170 F.R.D. 164, 165-66 (E.D. Mo. 1996), and are not intended to be a substitute for discovery. *Beishir v. Swenson*, 331 F. Supp. 1224, 1227 (W.D. Mo. 1970). ConAgra seeks explanation as to Plaintiff alleged injuries, medical treatment, and damages in the case. Each of these issues will be better addressed during the discovery process.

Finding Plaintiff has stated a plausible claim for relief and a more definite statement is not necessary, the Court **DENIES** ConAgra's Motion.

**IT IS SO ORDERED.**

                                                s/ Gary A. Fenner
                                                Gary A. Fenner, Judge
                                                United States District Court

DATED:   May 20, 2010