# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| MICHAEL LAMAR ROLF, SR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 10-0203-CV-W-GAF |
| | ) |
| CONAGRA FOODS, INC., | ) |
| | ) |
| Defendant. | ) |

## ORDER

Presently before the Court is Defendant ConAgra Foods, Inc.'s ("Defendant") Motion for Summary Judgment pursuant to Fed. R. Civ. P. 56(b) and Local Rule 56.1. (Doc. # 49). Defendant requests the Court enter summary judgment in its favor and dismiss *pro se* Plaintiff Michael Lamar Rolf, Sr.'s ("Plaintiff") Complaint (Doc. # 4), which seeks damages for ingesting allegedly contaminated food products produced by Defendant under a products liability theory. *Id*. Plaintiff opposes. (Doc. # 51). For the reasons set forth below, Defendant's Motion is GRANTED.[1]

## DISCUSSION

### I. FACTS

On March 5, 2010, Plaintiff filed his Complaint against Defendant claiming he became "extremely high" after ingesting allegedly contaminated Vienna Sausages food products produced by Defendant. (Doc. # 4). Specifically, Plaintiff claims he is seeking damages from Defendant for "product [l]iability/[p]ersonal [i]njury for manufacturing and distributing Libbys Vienna Sausages,

---

[1] Plaintiff filed a Motion for Summary Judgment (Doc. # 27). Defendant opposed and filed a Motion to Strike Plaintiff's Motion for Summary Judgment (Doc. # 35) for failing to satisfy Fed. R. Civ. P 56 and Local Rule 56.1 pleading requirements. Upon careful consideration, Defendant's Motion to Strike is GRANTED, and Plaintiff's Motion for Summary Judgment is hereby DENIED.

with an illegal controlled substance in them and 'possibly' infectious body fluids." *Id*., ¶ II. From the allegations in Plaintiff's Complaint, it appears he is bringing his claim pursuant to Mo. Rev. Stat. § 537.760.[2]

A jury trial is set for March 21, 2010, and the discovery deadline expired on October 1, 2010. (Doc. # 24). Following the close of discovery, Plaintiff failed to provide Defendant with the identity of any witnesses, relevant documents, or categories of alleged damages; designate any expert witnesses; identify any treating physicians; and preserve and produce any tests of the allegedly tainted Vienna Sausages. *See* Docs. ## 38, 44. Further, Plaintiff never sought medical treatment for any alleged illness or injury relating to the consumption of the Vienna Sausages, and no medical professional has determined Plaintiff became "high" as a result of consuming the Vienna Sausages. *Id*.

## II. LEGAL STANDARD

Summary judgment should be granted if the "pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). On summary judgment, a district court must view the facts "in the light most favorable to the nonmovant, giving it the benefit of all reasonable inferences to be draw from the facts." *Woodsmith Publ'g Co. v. Meredith Corp.*, 904 F.2d 1244, 1247 (8th Cir. 1990). A moving party is "entitled to judgment as a matter of law" if the nonmoving party fails to sufficiently demonstrate an essential element of a

---

[2]Plaintiff has yet to controvert Defendant's pleadings stating his claim falls under the aforementioned statute.

claim with respect to which it has the burden of proof. *Id*. (citing *Celotex*, 477 U.S. at 323). Summary judgment should not be granted if a reasonable jury could find for the nonmoving party. *Id.*; *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

## III. ANALYSIS

This is a diversity action and governed by Missouri substantive law. *See Erie R.R. v. Tompkins*, 302 U.S. 64, 78 (1938); *Harlow v. Ryland*, 172 F.2d 784 (8th Cir. 1949). Under Missouri law:

> [T]he term "products liability claim" means a claim or portion of a claim in which the plaintiff seeks relief in the form of damages on a theory that the defendant is strictly liable for such damages because:
> (1) The defendant, wherever situated in the chain of commerce, transferred a product in the course of his business; and
> (2) The product was used in a manner reasonably anticipated; and
> (3) Either or both of the following:
>   (a) The product was then in a defective condition unreasonably dangerous when put to a reasonably anticipated use, and the plaintiff was damaged as a direct result of such defective condition as existed when the product was sold; or
>   (b) The product was then unreasonably dangerous when put to a reasonably anticipated use without knowledge of its characteristics, and the plaintiff was damaged as a direct result of the product being sold without an adequate warning.

Mo. Rev. Stat. § 537.760. The plaintiff "must prove that the product was defective and dangerous when put to a reasonable use anticipated by the manufacturer and that the plaintiff sustained damage as a direct result of the defect." *Sappington v. Skyjack, Inc*. 512 F.3d 440, 446 (8th Cir. 2008) (quoting and citing *Peters v. Gen. Motors Corp*., 200 S.W.3d 1, 17 (Mo. Ct. App. 2006)).

In the instant action, there is no genuine issue of material fact, and Defendant is entitled to judgment as a matter of law because Plaintiff failed to raise a genuine issue of material fact, and

3

sufficiently demonstrate essential elements of his claim. First, Plaintiff failed to controvert any material facts asserted by Defendant. Pursuant to Local Rule 56.1:

> Suggestions in opposition to a motion for summary judgment shall begin with a section that contains a concise listing of material facts as to which the party contends a genuine issue exists. Each fact in dispute shall be set forth in a separate paragraph, shall refer specifically to those portions of the record upon which the opposing party relies, and, if applicable, shall state the paragraph number in movant's listing of facts that is disputed. All facts set forth in the statement of the movant shall be deemed admitted for the purpose of summary judgment unless specifically controverted by the opposing party.

Plaintiff's Suggestions in Opposition (Doc. # 51) to Defendant's Motion (Doc. # 49) failed to concisely list material facts he asserts create a genuine issue proper for trail. Instead Plaintiff lists four (4) other similar cases he has pending before the Court, and he states he is waiting for a response from the United States Department of Justice (the "DOJ") regarding an inquiry he submitted to the DOJ. (Doc. # 51). Plaintiff also provided documents of submissions and responses from the Federal Bureau of Investigation regarding the circumstances of this case. *Id*. Nowhere does Plaintiff controvert the material facts of this case as asserted by Defendant. *Id*. In fact, Plaintiff admitted to the facts asserted through his responses to Defendant's discovery requests. *See* Docs. ## 38, 44.

Even if the Court treated Plaintiff's Suggestions in Opposition as contesting material facts asserted by Defendant, Plaintiff still failed to demonstrate breach, causation, and damages pursuant to the applicable statute. *See* Mo. Rev. Stat. § 537.760. Plaintiff failed to provide any evidence that Defendant breached a duty by placing a defective or unreasonably dangerous product in the chain of commerce. Specifically, Plaintiff failed to provide any evidentiary support that the can of Vienna Sausages he consumed was "defective and dangerous" or that he sustained an injury "as a direct result of the defect." *See Sappington,* 512 F.3d at 446. Plaintiff must prove that the product actually

contained a harmful substance. *See Williams v. Coca-Cola Co.*, 285 S.W.2d 53 (Mo. Ct. App. 1955) (determining the burden of proof is not satisfied by merely demonstrating an illness after consuming a produce that may have contained a foreign substance; rather, a plaintiff must prove that the foreign substance was "dangerous, impure or injurious"). Plaintiff admits the can containing the alleged foreign substance was not defective at the time of purchase. *See* Doc. # 44-1, at pp. 18-19, ¶¶ 3-7. Additionally, Plaintiff provides no chemical analysis demonstrating that the Vienna Sausages consumed contained a foreign substance, or that, if a foreign substance was present, it was dangerous. *See* Doc. # 44-1, p. 13, ¶ 15 and 22-23, ¶ 22. No analysis can be conducted on the allegedly contaminated sausages because Plaintiff did not preserve any of the sausages or broth from the can that Plaintiff alleges contained the foreign substance. *Id.* at p. 19, ¶ 9.

Moreover, Plaintiff must demonstrate by a preponderance of the evidence that his alleged injures would not have occurred "but for" Defendant's conduct. *See City of St. Louis v. Benjamin Moore & Co.*, 226 S.W.3d 110, 113 (Mo. 2007); *see also Callahan v. Cardinal Glennon Hosp.*, 863 S.W.2d 852, 860-61 (Mo. 1993). Plaintiff claims he became "extremely high" after consuming Defendant's product, yet Plaintiff failed to provide any evidentiary support that he sustained an injury in fact as a direct result of consuming the sausages. *See* Doc. # 44-1. at p. 20, ¶¶ 10-14; *see also* Doc. # 28, ¶ 8. Plaintiff did not seek medical diagnosis or treatment after consuming the sausages. *Id.* at p. 20, ¶¶ 11-13. Additionally, no medical professional has determined Plaintiff suffered from an injury caused by consuming the sausages. *Id.*, at p. 20, ¶ 14.

Further, Plaintiff has similar allegations of becoming "high" from ingesting products produced by other corporations around the same time he consumed the Vienna Sausages.[3] *Id*. at p. 21, ¶¶ 18-21. When an injury allegedly results or arises from the acts of multiple tortfeasors, causation must be established by the plaintiff as to each defendant. *Hagen v. Celotex Corp.*, 816 S.W.2d 667, 671 (Mo. 1991); *see Callahan*, 863 S.W.2d at 860. Plaintiff is unable to establish causation as to Defendant because Plaintiff did not have the allegedly contaminated sausages tested, did not preserve the actual can with the alleged foreign substance, and did not seek medical treatment following consumption of the sausages. *See* Doc. # 44-1, p. 19-22.

## CONCLUSION

For the aforementioned reasons, Plaintiff fails to demonstrate Defendant breached a duty by placing a defective and dangerous product in the chain of commerce, or that Plaintiff sustained an injury as a direct result of consuming a defective and dangerous product produced by Defendant. Therefore, no genuine issue of material fact remains in this case, and Defendant is entitled to judgment as a matter of law. Accordingly, Defendant's Motion is GRANTED.

**IT IS SO ORDERED.**

                                          s/ Gary A. Fenner
                                          Gary A. Fenner, Judge
                                          United States District Court

DATED: **November 9, 2010**

---

[3] Currently pending before the Court are similar cases: *Rolf v. McKee Foods Corp.*, Case No. 10-CV-00005-DGK; *Rolf v. Mars, Inc.*, Case No. 10-CV-00043-DGK; *Rolf v. McKee Foods (Little Debbie)*, Case No. 10-CV-00323-DGK; and *Rolf v. The Coca-Cola Co.*, Case No. 10-CV-00562-SWH.